UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA
  upon the relation and
  for the use of the
TENNESSEE VALLEY AUTHORITY
Plaintiff

v.

AN EASEMENT AND RIGHT-OF-WAY
OVER 2.67 ACRES OF LAND, MORE
OR LESS, IN SCOTT COUNTY,
MISSISSIPPI, WITH RESPECT ONLY
TO AN UNDIVIDED 5/9 INTEREST

MARGARET JOHNSON LONGMIRE
WILLIAM HARVEY JOHNSON
FAYE LOIS HENDERSON
DENHAM JOHNSON, JR.
DIANE JOHNSON GRAY
Defendants

Civil Action No. 3:03CV71WS



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
DEC 19 2005
J. T. NOBLIN, CLERK
BY_____ DEPUTY

## JUDGMENT AND ORDER DISBURSING FUNDS

This action involves the condemnation of an easement and right-of-way over land in Scott County, Mississippi, with respect to an undivided 5/9 interest therein (Plaintiff having acquired by grants the other undivided 4/9 interest in said easement and right-of-way (Compl. ¶ 4)). Upon filing the Complaint and Declaration of Taking in this action, Plaintiff deposited $2,861.11

1

in the registry of this Court as its estimate of just and liberal compensation for said taking with respect to the Defendants' undivided 5/9 interest.

All Defendants were properly served notice of this action, with Defendants Faye Lois Henderson and Diane Johnson Gray having been served by publication. None of the Defendants answered or otherwise appeared in this action prior to a hearing on the issue of just compensation for the taking.

This action thereafter came on to be heard by the Court on December 19, 2005, on the issue of just compensation for said taking. The Court found at said hearing, based on the testimony and the record herein, that $2,861.11 constitutes just compensation for the taking herein with respect to said undivided 5/9 interest.

It is, therefore, Ordered and Adjudged that:

1. The Defendants recover of Plaintiff $2,861.11 as just compensation for the taking of the easement and right-of-way herein condemned, the disbursement of which is provided for in paragraphs 4 and 5 below based on the Defendants' fractional ownership interests stated in paragraph 6 of the Complaint.

2. The vesting of title in the United States of America, free of all liens, claims, and encumbrances, as evidenced by the Declaration of Taking filed herein on January 21, 2003, is hereby fully and finally confirmed as to the easement and right-of-way described in Exhibit A attached hereto with respect to

an undivided 5/9 interest therein (said description being the same as Exhibit A attached to the Declaration of Taking filed herein).

3. Each Defendant's proportionate share of the $2,861.11 award is as follows:

| Defendant | Proportionate Share of Award |
|---|---|
| Margaret Johnson Longmire | $ 572.23 |
| William Harvey Johnson | $ 572.22 |
| Denham Johnson, Jr. | $ 572.22 |
| Faye Lois Henderson | $ 572.22 |
| Diane Johnson Gray | $ 572.22 |
| Total | $2,861.11 |

4. Each Defendant shall provide to the Clerk of this Court (a) written confirmation that such Defendant has provided to Plaintiff that Defendant's social security number and mailing address (which each Defendant is required by Internal Revenue Service regulations to provide to Plaintiff before each Defendant's share of said award herein is to be disbursed as provided below) and (b) the mailing address where he or she wants the check provided for below to be sent.

The Clerk of this Court, upon receipt of such written confirmation and mailing address from a Defendant, shall draw a check payable to that Defendant in the amount stated above, and to mail the check to the mailing address provided by that Defendant.

5. If a Defendant does not provide such certification and mailing address to the Clerk of this Court within 90 days of the date this order is entered,

3

that Defendant's share of the award shall remain on deposit with the United States Treasury in accordance with 28 U.S.C. §§ 2041-2042 (2000), subject to further order of this Court, as provided for in said statute. Such Defendant, or any other persons claiming said proportionate share of the award, can seek disbursement thereof by filing with this Court an appropriate claim accompanied by a social security number and adequate documentation confirming each applicant's entitlement to said Defendant's share of the award.

6. The Clerk of this Court shall furnish to the Plaintiff a certified copy of this Judgment which shall serve as a muniment of title.

7. The parties shall bear their own costs (*see* Fed. R. Civ. P. 71A(l), 54(d)(1)), and the Clerk of this Court is directed to close this file.

*Henry T. Wingate*
CHIEF JUDGE HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE

Tendered by:

**s/Philip J. Pfeifer**
Philip J. Pfeifer
Attorney
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401
Telephone  865-632-7876
Facsimile   865-632-6718

Attorney for Plaintiff

4

TRACT NO. SBFP-93

A permanent easement and right-of-way, with respect to an undivided 5/9 interest therein, consisting of the perpetual right to enter and to erect, maintain, repair, rebuild, operate, and patrol electric power circuits and communication circuits, over and across said right-of-way, together with the right to clear said right-of-way and keep the same clear of all trees, brush, buildings, signboards, stored personal property, and fire hazards, to destroy or otherwise dispose of such trees and brush, to prevent the drilling or sinking of wells within the right-of-way, and to remove, destroy, or otherwise dispose of any trees located beyond the limits of said right-of-way which in falling could come within ten feet of said circuits (including circuits over adjacent lands), the Plaintiff to remain liable for any direct physical damage to the land, annual crops, fences, and roads resulting directly from the operations of the construction and maintenance forces of Plaintiff in and about the erection and maintenance thereof, all upon, under, over, and across the following-described land:

TRACT NO. SBFP-93

A parcel of land located in Section 35, Township 7 North, Range 9 East of Scott County, State of Mississippi, the location of which is shown on a map entitled "Sebastopol SW. Sta.-Five Points Transmission Line," drawing LW-8334, sheet 7, R.2, the portion of said drawing showing said parcel of said of land being attached to the Declaration of Taking filed herein, the said parcel of land being more particularly described as follows:

Commencing at the northwest corner of Section 35, Township 7 North, Range 9 East and the southwest corner of Section 26, Township 7 North, Range 9 East, said section corner being an iron pin 13.02 feet right of survey station 666+18.08; thence leaving said point and with the north line of Section 35 and the south line of Section 26 N. 89° 57' 00" E., 13.02 feet to a point, said point being on the centerline of the said location at survey station 666+18.10; thence leaving said point and with the said centerline S. 0° 02' 29" E., 2,497.80 feet to a point, said point being in the north property line of the land of Robert Curtis Johnson, et al., and in the south property line of the land of Jessie D. Ware at survey station 691+15.90, said point being S. 87° 04' 58" E., 26.60 feet from a property corner common between the lands of Robert Curtis Johnson, et al., Jessie D. Ware, B. G. Ware, and Addie Johnson, said property corner being 26.57 feet right of survey station 691+14.52, said point being the POINT OF BEGINNING.

EXHIBIT A

1

TRACT NO. SBFP-93

Thence from the point of beginning and with the said property line S. 87° 04' 58" E., 50.07 feet to a point, said point being in the east right-of-way line of the said location; thence leaving said point and with the said right-of-way line S. 0° 02' 29" E., crossing the east-west 1/4 section line of Section 35, Township 7 North, Range 9 East, 1,441.53 feet to a point, said point being in the south property line of the land of Robert Curtis Johnson, et al., and in the north property line of the land of David Lee Mays; thence leaving said point and with the said property line N. 89° 43' 50" W., 50 feet to a point, said point being on the centerline of the said location at survey station 705+59.70, said point being S. 89° 43' 50" E., 34.41 feet from a property corner common between the lands of Robert Curtis Johnson, et al., David Lee Mays, and B. G. Ware, said property corner being 34.41 feet right of survey station 705+59.55; thence leaving said point and continuing with said property line N. 89° 43' 50" W., 34.41 feet to a point, said point being said property corner; thence leaving said point and with the west property line of the land of Robert Curtis Johnson, et al., and the east property line of the land of B. G. Ware, said property line being the west line of Section 35, Township 7 North, Range 9 East and the east line of Section 34, Township 7 North, Range 9 East, N. 0° 16' 10" E., crossing the east-west 1/4 section line of Section 35, 1,445.05 feet to a point, said point being a property corner common between the lands of Robert Curtis Johnson, et al., B. G. Ware, Addie Johnson, and Jessie D. Ware, said property corner being 26.57 feet right of survey station 691+14.52; thence leaving said point and with the north property line of the land of Robert Curtis Johnson, et al., and the south property line of the land of Jessie D. Ware S. 87° 04' 58" E., 26.60 feet to the point of beginning and containing 2.67 acres, more or less.

The above-described parcel of land is lying partially in the southwest 1/4 of the northwest 1/4 and partially in the northwest 1/4 of the southwest 1/4 of Section 35, Township 7 North, Range 9 East.

Recording information: Defendants/landowners as of the date of the filing of the Declaration of Taking with respect to the undivided 5/9 interest involved in this action — Margaret Johnson Longmire, William Harvey Johnson, Faye Lois Henderson, Denham Johnson, Jr., and Diane Johnson Gray (an undivided 1/9 interest each by virtue of a deed recorded in Deed Book 7-J, page 575, in the office of the Chancery Court Clerk of Scott County, Mississippi).

EXHIBIT A

2

J. T. Noblin, Esq.
Clerk
United States District Court
316 Eastland Courthouse
245 East Capitol Street
Jackson, Mississippi 39201

UNITED STATES OF AMERICA EX REL. TENNESSEE VALLEY AUTHORITY v.
MARGARET JOHNSON LONGMIRE, ET AL. — CIVIL ACTION NO. 3:03CV71WS

Dear Mr. Noblin:

As provided in the Judgment and Order Disbursing Funds (judgment) entered in this case, I am sending Plaintiff my mailing address and social security number by copy of this letter, and I request that the check to be drawn payable to me pursuant to the judgment be mailed to me at the following address:

_____

_____

_____

_____

Thank you for your assistance.

Sincerely,


[PLEASE SIGN HERE AND THEN PRINT
YOUR NAME BELOW YOUR SIGNATURE]

cc (w/enclosure):
    Philip J. Pfeifer, Esq.
    Attorney
    Tennessee Valley Authority
    400 West Summit Hill Drive
    Knoxville, Tennessee 37902-1401

003754080

UNITED STATES EX REL TVA V.
EASEMENTS AND RIGHTS, OF WAY, ETC.,
MARGARET JOHNSON LONGMIRE, ET AL.
CIVIL ACTION NO. 3:03CV71WS

SOCIAL SECURING NUMBER AND MAILING ADDRESS


My mailing address is correctly shown in your copy of my letter to the Clerk regarding that case, and my social security numbr is: _____


[PLEASE SIGN HERE AND THEN PRINT
YOUR NAME BELOW YOUR SIGNATURE]